UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPENCER JIM BEVILL, ) | |
| ) | |
| Plaintiff, ) | 2:13-cv-00102-JCM-RJJ |
| ) | |
| vs. ) | |
| ) | |
| CALIFORNIA CREDIT UNION, et al., ) | **O R D E R** |
| ) | |
| Defendants. ) | |

Before the Court is Defendant California Credit Union's Motion to Stay Discovery and Other Proceedings Pending Decision on Defendant California Credit Union's Motion to Dismiss Complaint or Alternatively Motion for More Definite Statement (#21).

**BACKGROUND**

This case arises out of a loan made by California Credit Union to one of its members, the Plaintiff, Spencer Bevil. The loan was used to finance the purchase of commercial real property that was leased to Techna Glass of Nevada, a third party. The loan matured in April 2011 and was thereafter in default. CCU then began foreclosure proceedings.

In response to CCU's actions, the Plaintiff filed suit against CCU in the Eight District Judicial Court on or around December 6, 2012.  CCU was served with the Complaint and removed this case to the United States District Court for the District of Nevada. On January 23, 2012, CCU moved to Dismiss the Plaintiff's Complaint. Docket No. 10. The Motion to Dismiss has been fully briefed and is ripe for the Court's decision. CCU is seeking a stay pending the Court's Order on its Motion.

## DISCUSSION

The pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, __ F.R.D. ___, 2013 WL 150185, *2 (D. Nev. Jan. 14, 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). In order to meet this requirement, the movant must, as a threshold matter, establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Id*.

CCU has moved to dismiss the Complaint in its entirety pursuant to 12(b)(1), (12(b)(6), 12(e) and 12(f).  Thus, the pending Motion to Dismiss is potentially dispositive to the entire case.

Once a party has met this threshold requirement, the court must consider whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013); citing *Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *6 (E.D.Cal. Feb. 7, 2011).* To make this determination, "the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."[1] *Id.* The Court must decide "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id*.

Here, the Plaintiff's claims and the Defendant's Motion to Dismiss rely heavily on the contractual agreement between the parties. *See* Docket No. 10. CCU contends that the Plaintiff

---

[1] As the Court in *Ministerio Roca Solida* stated, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." Federal Rule of Civil Procedure 1 directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

defaulted under the loan agreement and as a result, CCU foreclosed on the commercial property. *See* Docket No. 1, Exhibit A, and Docket No. 5, Exhibits A and B. Accordingly, at first glance, it appears as though additional discovery is not necessary to resolve the pending Motion to Dismiss. Thus, speeding the parties along through discovery would prejudice both parties by exposing them to potentially unnecessary legal expenses. Further, the Plaintiff is not seeking return of the subject commercial property, so time is not of the essence. The Court finds that it is more just to delay discovery and other proceedings to accomplish the inexpensive determination of the case.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant California Credit Union's Motion to Stay Discovery and Other Proceedings Pending Decision on Defendant California Credit Union's Motion to Dismiss Complaint or Alternatively Motion for More Definite Statement (#21) is **GRANTED**.

DATED this  10th   day of April, 2013

NANCY J. KOPPE
United States Magistrate Judge