## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SPENCER JIM BEVILL,

        Plaintiff(s),

v.

CALIFORNIA CREDIT UNION, et al.,

        Defendant(s).

2:13-CV-102 JCM (NJK)

### ORDER

Presently before the court is defendant California Credit Union's ("CCU") motion to dismiss, or, alternatively, motion for more definite statement. (Doc. # 5). Plaintiff Jim Bevill filed a response in opposition (doc. # 10), and defendant filed a reply (doc. # 16).

**I.  Background**

On or around April 4, 2006, plaintiff purchased real property located at 2515 W. Craig Road, North Las Vegas, Nevada, 89032. (Doc. # 1, Exh. A, compl. at ¶¶ 7-10; doc. # 5, Exh. A).[1] Defendant CCU loaned plaintiff approximately $1,075,000 to purchase the property. The loan is evidenced by a promissory note and secured by a deed of trust, assignment of rents, and security agreement.

---

[1] The court judicially recognizes the deed of trust, which was properly recorded in Clark County. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

1    In or around the summer of 2011, plaintiff defaulted under the loan. (Compl. at ¶ 21). The terms and conditions of the deed of trust permitted defendant CCU to collect rents on the property. Defendant Techna Glass of Nevada, LLC ("Techna") leased the subject property. After plaintiff defaulted under the loan, defendant CCU began to collect rents from co-defendant Techna.

Plaintiff then alleges that defendant CCU collected rents directly from defendant Techna. Additionally, plaintiff alleges that defendant CCU agreed to participate in loan modification negotiations/discussion, but then reneged on a modification agreed to in principal but not signed by the parties.

Based on the foregoing set of facts, plaintiff filed the instant complaint in state court against defendants CCU, Techna, and Troy Mason. Plaintiff alleges ten causes of action against the defendants. One is a federal claim–count ten alleges violations of the Fair Credit Reporting Act ("FCRA").

## II.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

1    allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's
2    complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
3    liable for the alleged misconduct. *Id.* at 1949.
4          Where the complaint does not "permit the court to infer more than the mere possibility of
5    misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
6    *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not
7    crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
8    U.S. at 570.
9          The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
10   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
11   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
12   but must contain sufficient allegations of underlying facts to give fair notice and to enable the
13   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
14   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
15   be subjected to the expense of discovery and continued litigation." *Id.*
16   **III.   Discussion**
17         The court first addresses the only federal claim in this lawsuit–alleged violations of the
18   FCRA. The FCRA, 15 U.S.C. § 1681, provides for civil liability and criminal penalties for those
19   that do not comply with requirements in the act. Sections 1681n and 1681o, respectively, make
20   consumer reporting agencies and users liable for willful or negligent noncompliance with "any
21   requirement imposed" under the act. Sections 1681n and 1681o create a private cause of action for
22   consumers. *Nelson v. Chase Manhattan Morg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) ("That
23   . . . Congress created a private right of action for consumers cannot be doubted.").
24         Section 1681s-2 governs the responsibilities and requirements of furnishers of information
25   to consumer reporting agencies. "As it relates to furnishers of information to consumer reporting
26   agencies, the FCRA sets forth two general requirements: the duty to provide accurate information,
27   15 U.S.C. § 1681s-2(a), and the duty to investigate the accuracy of reported information upon
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

receiving notice of a dispute, § 1681s-2(b)." *Cisneros v. Trans Union, LLC*, 293 F.Supp.2d 1167, 1174 (D. Ha. 2003). Once a furnisher of information has received a report from a credit reporting agency that the furnisher provided inaccurate information, the furnisher must: conduct an investigation within thirty days; review all relevant information regarding the dispute; report its results to the credit reporting agency; report any inaccuracies to the credit reporting agency; and modify, delete, or permanently block any mistakes. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). In the Ninth Circuit, an individual consumer has a private right of action against a furnisher of information under § 1681s-2(b). *Nelson*, 282 F.3d at 1059-60.

"Liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties." Johnson v. Wells Fargo Home Mortg., Inc., 558 F.Supp.2d 1114, 1120 (D. Nev. 2008). "Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher." Nelson, 282 F.3d at 1060. This "filtering mechanism" is an "opportunity for the furnisher to save itself from liability by taking the stops required in § 1681s–2(b)." Id.

In this case, plaintiff has not properly stated a claim pursuant to the FCRA. Under the scheme provided under the FCRA, plaintiff needed to notify a credit reporting agency so that the furnisher of the information, defendant CCU in this case, could conduct an investigation pursuant to § 1681s–2(b). To state a claim under § 1681s-2(b), plaintiff must allege the following sequence of events unfolded: (1) plaintiff notified an inaccuracy in his credit report; (2) plaintiff notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information; and, (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in § 1681s-2(b)(1)(A)-(E).

Plaintiff's complaint does not allege that he notified a credit reporting agency of his contentions, that the reporting agency notified the furnisher (defendant CCU in this case), and that the furnisher (defendant CCU) ignored the requirement to conduct an investigation.

. . .

1   Additionally, plaintiff's complaint does not even allege proper violations of the correct
2   statute, or any particular section of the FCRA statute. Plaintiff's compliant alleges violations of 16
3   U.S.C. § 1661. There is no 16 U.S.C. § 1661. Nor does plaintiff's complaint allege violations of
4   any specific section of the FCRA, such as § 1681n, § 1681o, or § 1681s–2(b). Finally, the complaint
5   does not allege that plaintiff complied with any necessary requirements, such as reporting alleged
6   inaccuracies to a credit reporting agency, before filing the lawsuit. Plaintiff has failed to state a
7   claim under the FCRA and the cause of action is dismissed without prejudice.

**IV.   Supplemental Jurisdiction**

9   A district court "may decline to exercise supplemental jurisdiction" over state law claims if
10  "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §
11  1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance
12  of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience,
13  fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law
14  claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

15  Defendant CCU removed the action to this court pursuant to 28 U.S.C. § 1441, citing this
16  court's federal question jurisdiction. Plaintiff is a California citizen, (compl. at ¶ 1), and defendant
17  CCU is a California corporation, (compl. at ¶ 2). There is no diversity jurisdiction in this case.

18  The bulk of the lawsuit, both in volume and substance of claims, derives from state law
19  causes of action. Indeed, nine of the ten causes of action allege state law claims. This court has
20  dismissed the only federal cause of action without prejudice and declines to exercise supplemental
21  jurisdiction over the remaining state law claims.[2] The court finds it appropriate to remand the case
22  back to state court.

23  . . .
24  . . .
25  . . .

---

[2] This court takes no position on the merits of defendant's motion to dismiss on the state law claims.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendant California Credit Union's motion to dismiss (doc. # 5) be, and the same hereby, is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the clerk of the court shall remand this action back to state court.

DATED June 11, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -